# EXHIBIT 85

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

______________________________

STATE OF NEW YORK, ET AL,

Plaintiffs,

Civil Action No. 25-CV-10601-MJJ

V.

April 25, 2025

LINDA MCMAHON, ET AL,

Defendants.

______________________________

BEFORE THE HONORABLE MYONG J. JOUN

UNITED STATES DISTRICT COURT

JOHN J. MOAKLEY U.S. COURTHOUSE

1 COURTHOUSE WAY

BOSTON, MA 02210

JAMIE K. HALPIN, CRR, RMR, RPR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 7-204
Boston, MA 02210
jkhhalpin@gmail.com

APPEARANCES:

FOR THE PLAINTIFFS:

Nathaniel J. Hyman
Massachusetts Attorney General's Office
1 Ashburton Place
18th Floor
Boston, MA 02108
617-963-2514
Email: Nathaniel.j.hyman@mass.gov

Rabia Muqaddam
NYS Office of The Attorney General
28 Liberty St.
New York, NY 10005
917-715-4172
Email: Rabia.muqaddam@ag.ny.gov

Yael Shavit
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2197
Email: Yael.shavit@mass.gov

For Somerville Public Schools, et al

Rachel F. Homer
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
202-448-9090
Email: Rhomer@democracyforward.org

Elena Goldstein
Democracy Forward Foundation
PO Box 34553
Washington, DC 20043
202-448-9090
Email: Egoldstein@democracyforward.org

Victoria S. Nugent
Democracy Forward
P.O. Box 34553
Washington, DC 20043
202-862-1393
Email: Vnugent@democracyforward.org

FOR THE DEFENDANTS:

Eric J. Hamilton
Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Michael Benjamin Bruns
DOJ-Civ
6705 13th Pl NW
Washington, DC 20012
202-758-8520
Email: Michael.bruns@usdoj.gov

repayment for student loans.

So the degradation in the resources that Federal Student Aid is able to provide harms union members as well as the unions themselves.

THE COURT: Thank you.

MS. HOMER: Thank you, your Honor.

MR. HAMILTON: Good afternoon, your Honor. This Court should deny Plaintiffs' motion for a preliminary injunction. President Trump campaigned and was elected on a promise to improve education in the United States by returning control of our schools to state and local decision-makers, those who are closest to the children in the United States. His administration has made it a legislative priority to close the Department of Education, but that's distinct from his administrative agenda to cut bureaucratic bloat wherever it exists. That's a mandate that applies equally to the Department of Education and other agencies in the Federal Government.

The Department of Education is one of the newest agencies in the Federal Government established in 1979. Over the years, previous administrations under previous Presidents have expanded the Department of Education beyond its statutory minimum. The trump Administration is going in a different direction, and last month the Department issued a press release announcing progress on its goals of streamlining the Department

of Education. That press release is addressed to no one. It's signed by no one. It is not a Mass Termination order as the Plaintiffs allege. Instead, it announces that some employees in the Department of Education chose to accept early retirement offers, other employees chose to participate in a voluntary resignation program, and other employees had their positions eliminated in a reduction in force.

Plaintiffs want to reverse all of that and take the Department of Education back to what it looked like under our previous President. Their claims are fundamentally flawed, and their motions for a preliminary injunction satisfy none of the four *Winter* factors for that remedy.

I will start with likelihood of success on the merits.

THE COURT: So before you get there, I just want some clarification on what you meant by or I should say what President Trump meant by when he said he is going to return education to the states? What does that mean in terms of what he is doing now with the Department?

MR. HAMILTON: Well, it means -- I think it's focusing on the legislative agenda of closing the Department of Education and giving states and local authorities more control over decision-making and so that there is less interference from Washington bureaucrats in the Department of Education, but again that's distinct from the administrative agenda of making the Department of Education as efficient as it can be, but we

don't even get to issues with what is going on in the Department of Education because, you know, the questions about that, because the Plaintiffs can't even satisfy the state standing or standing for the Somerville Plaintiffs.

I want to start by --

THE COURT: Sorry to interrupt again. When you say legislative agenda, where in the record can I find support that the administration is working on a legislative agenda?

MR. HAMILTON: I think the State Plaintiffs have attached a number of statements by the President and Secretary McMahon that talk about the goal of closing the Department of Education. Defendants acknowledge that that requires an act of Congress, our brief says that, and the work that the Defendants are doing to make the Department of Education more efficient today is separate from that legislative goal.

THE COURT: So when you say there is no agenda, you're basically saying we acknowledge that it has to be an act of Congress to abolish the Department, that's what you're saying, it's not an agenda?

MR. HAMILTON: Exactly. It's a legislative proposal.

Returning to standing, I will start with a case that was decided right about the same time we filed our brief. That's the U.S. Supreme Court's decision in *OPM v. AFGE*. This was on the U.S. Supreme Court's emergency docket. It was decided on April 8, and the theory of the case that the

So why shouldn't I take from all of that that there was final agency action, the memo, and now this is simply an implementation of that final decision?

MR. HAMILTON: Well, a few points, your Honor. The references to closing the Department of Education are references to working with Congress to enact the laws that would be needed to do that and our brief says that, and I'd also highlight the March 20th executive order. It's an executive order that postdated the March 11th press release that Plaintiffs are calling a Mass Termination order, but that March 20th executive order talks about closing the Department of Education, but in talking about returning authority to the states, it tells the Department of Education's Secretary, Secretary McMahon, to only do so to the maximum extent appropriate and permitted by law and to "ensure the effective and uninterrupted delivery of services."

So the Department is committed to carrying out its statutory obligations until there is an act of Congress that changes the Department's statutory obligations.

THE COURT: So if I understood the Plaintiffs correctly, they would respond in two ways to that: One, which is that the Department says that it is fully committed to ensuring that the Department carries out its function but in reality they're incapable of doing that; and the second thing is it's kind of like when my kids were teenagers and they would