UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STATE OF NEW YORK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LINDA MCMAHON, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 25-10601-MJJ |
| SOMERVILLE PUBLIC SCHOOLS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 25-10677-MJJ |

## ORDER ON DEFENDANTS' MOTION TO STAY

May 23, 2025

JOUN, D.J.

On May 22, 2025, the Court issued a Preliminary Injunction Order that enjoined the Government from carrying out the reduction-in-force announced on March 11, 2025; from implementing President Trump's March 20, 2025 Executive Order; and from carrying out the President's March 21, 2025 Directive to transfer management of federal student loans and special education functions out of the Department. [25-cv-10601 Doc. No. 128; 25-cv-10677 Doc No.

45]. The Preliminary Injunction Order additionally reinstated federal employees whose employment was terminated or otherwise eliminated on or after January 20, 2025, as part of the reduction-in-force announced on March 11, 2025 to restore the Department to the status quo such that it is able to carry out its statutory functions. [*Id.*]. Pursuant to the Preliminary Injunction Order, the Court also issued an Order consolidating the two cases, with case number 25-cv-10601 being the lead case. [25-cv-10601 Doc. No. 129; 25-cv-10677 Doc. No. 46]. That same day, the Government filed a Notice of Appeal Consolidated Plaintiffs' Motions for Preliminary Injunction, [25-cv-10601 Doc. 130; 25-cv-10677 Doc. No. 47]. The appeal was docketed in the United States Court of Appeals for the First Circuit under case number 25-1495. Now pending before the Court is the Government's Motion to Stay Preliminary Injunction Pending Appeal. [Doc. No. 133].[1]

In assessing the merits of a motion to stay a preliminary injunction pending appeal, reviewing courts consider four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). For the same reasons stated in my Preliminary Injunction Order, the Government has not demonstrated that they are likely to prevail on the merits and the remaining equitable factors do not favor the Government. The Government has not provided evidence to show that it will be irreparably injured absent a stay; instead, as elucidated in my Preliminary Injunction Order, Consolidated Plaintiffs have demonstrated an imminent risk of irreparable

---

[1] Consolidated Plaintiffs filed an opposition to the Motion for Stay on the morning of May 23, 2025. [Doc. No. 135].

harm. The Department must be able to carry out its functions and its obligations under the DEOA and other relevant statutes as mandated by Congress. Thus, I <u>DENY</u> Defendants' Motion.

SO ORDERED.

<u>/s/ Myong J. Joun</u>
United States District Judge
