# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 25-10601-MJJ |
| LINDA MCMAHON, *et al.*, | ) |
| Defendants. | ) |
| | |
| SOMERVILLE PUBLIC SCHOOLS, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 25-10677-MJJ |
| DONALD J. TRUMP, *et al.*, | ) |
| Defendants. | ) |

## DECLARATION OF RACHEL OGLESBY

1. My name is Rachel Oglesby. I make this Declaration based on my own personal knowledge, on information contained in the records of the Department of Education, or on information provided to me by Department of Education employees.

2. I am currently employed as Chief of Staff for the U.S. Department of Education, headquartered in Washington, D.C. I began my service at the Department on January 20, 2025.

3. Before joining the Department, I worked at America First Policy Institute as the Chief State Action Officer and Director of the Center for the American Worker.

4. In my role at the Department, I have the following responsibilities:
    a. I assist the Secretary of Education with all her responsibilities running the Department.
    b. I advise the Secretary on significant matters within and affecting the Department.

5. Since joining the Department, I have supervised the planning and execution of the Reduction-In-Force (RIF) currently subject to a preliminary injunction issued by this Court. This includes overseeing the internal administrative and operational management of the RIF, including activities related to information technology, logistics and physical facilities, and human resources. I have also supervised the coordination of external activities associated with the RIF, including interagency collaboration and organizational planning.

6. Beginning on or around March 11, 2025, when the RIF was formally announced to Department employees, several processes related to information technology were implemented. For example, a process was implemented to recover government furnished equipment (GFE) from employees subject to the RIF. The process included opportunities for personnel to return equipment at specific office locations or to mail equipment back to the Department. Additionally, software/hardware license and information technology and security support contracts were de-scoped to meet the Department's reduced headcount.

7. Beginning on or around March 11, 2025, when the RIF was formally announced to Department employees, several processes related to logistics and facilities were implemented. For example, the Department consolidated its physical footprint from three buildings in Washington D.C.—Union Center Plaza (UCP), Potomac Center Plaza (PCP), and the Lyndon Baines Johnson Building (LBJ)—to only one building (LBJ). As of May 15, 2025, Department employees previously assigned physical office space in UCP and PCP had been reassigned to LBJ. Additionally, certain logistics contracts related to occupying three buildings—for example, contracts related to employee parking and interbuilding shuttles—were de-scoped to meet the Department's reduced headcount.

8. Beginning on or around March 11, 2025, when the RIF was formally announced to Department employees, several processes related to human resources were implemented. For example, notification processes regarding the RIF were undertaken in accordance with collective bargaining requirements. Additionally, plans and procedures throughout Department components were modified to reflect altered workflows resulting from the streamlining of operations and changes in headcount.

9. Since January 20, 2025, the Department has been engaged in interagency collaboration and organizational planning efforts. The Department has partnered with other agencies to explore administrative reforms to agency policies and processes that will enable better coordination of programs and streamline activities. For example, the Department has been

working with the Treasury Department to improve student loan program management and oversight.

10. I am familiar with the preliminary injunction issued by this Court on May 22, 2025. Following the issuance of the preliminary injunction, and to ensure compliance with its requirements, I convened an ad-hoc committee of senior leadership to discuss the status of post-RIF activities across Department programs and operations, and the impacts of the preliminary injunction on those activities. That committee met on May 29, 2025. We identified several "in-flight" activities that needed to be paused, and have since been paused, including GFE recovery processes, certain contract negotiation actions, physical office space and employee seating assignments, and interagency collaborations related to organizational planning.[1] The Department's ad hoc committee also discussed some of the complex and costly challenges resulting from "re-onboarding" approximately 1400 employees, including initiating the interagency coordination process with the General Services Administration that is necessary to secure physical office space, developing a new workplace restacking plan for the National Capital Region, engaging in contract renegotiations, and coordinating all actions in accordance with collective bargaining requirements.

11. I directed the ad-hoc committee of senior leadership to develop detailed compliance steps that account for these and other requirements and challenges that must be met and managed to systematically effectuate this Court's preliminary injunction without disrupting daily operations. The ad-hoc committee of senior leaders will be meeting weekly to provide updates on compliance steps and any related matters which will enable me to update this Court.

\*\*\*

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, DC this 3rd day of June.

*[signature: Rachel Oglesby]*

Rachel Oglesby

---

[1] Pursuant to standard processes, a contractor recently sent an email to certain employees requesting that they return their GFE. The Department subsequently confirmed that the contractor understood that it must pause GFE recovery processes, including employee notification emails, pursuant to this Court's Order.

3