UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NEW YORK, *et al.*;<br><br>      Plaintiffs,<br><br>      v.<br><br>LINDA McMAHON, *et al.*;<br><br>      Defendants. | C.A. No. 1:25-cv-10601-MJJ |
| SOMERVILLE PUBLIC SCHOOLS, *et al.*<br><br>      Plaintiffs,<br><br>      v.<br><br>DONALD J. TRUMP, *et al.*<br><br>      Defendants. | C.A. No. 1:25-cv-10677-MJJ |

**CONSOLIDATED PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO VACATE AND FOR AN INDICATIVE RULING PURSUANT TO FED. R. CIV. P. 62.1 AND FOR A RULE 16 CONFERENCE**

1

In light of the Supreme Court's July 14, 2025 stay of a preliminary injunction in the above-captioned matter and the subsequent termination of approximately 1,000 employees at the U.S. Department of Education on August 1, 2025, the Plaintiff States and the Somerville Plaintiffs (together the Consolidated Plaintiffs) hereby respectfully request that this Court issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1, indicating that if the U.S. Court of Appeals for the First Circuit were to remand *New York v. McMahon*, No. 25-1495, this Court would enter an order vacating the preliminary injunction entered by this Court on May 22, 2025 (Doc. No. 128[1]) (the "Injunction"), for the reasons set forth herein.[2] The Consolidated Plaintiffs have met and conferred with counsel for the Agency Defendants pursuant to Local Rule 7.1, and the Agency Defendants have indicated that they do not oppose entry of an indicative ruling seeking to dissolve the Injunction and expedite the resolution of this matter before this Court. The Consolidated Plaintiffs further respectfully request that this Court schedule a case management conference at the Court's convenience.[3]

**RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The Plaintiff States commenced their action on March 13, 2025, seeking both a preliminary and a permanent injunction barring the Agency Defendants from implementing President Trump's

---

[1] Docket numbers referenced herein refer to entries on the docket in *New York et al. v. McMahon et al.*, No. 1:25-cv-10601 (D. Mass.), unless otherwise indicated.

[2] Because some courts have held that a Rule 62.1 request for an indicative ruling is not ripe until a movant separately seeks the relief sought in the indicative ruling, *see e.g.*, *Index Newspapers LLC v. City of Portlant*, C.A. No. 3:20-cv-1035-SI, 2022 WL 72124, at **1-2 (D. Or. Jan. 7, 2022), the Plaintiffs further respectfully move to vacate the Court's Injunction, acknowledging that because of the Agency Defendants' appeal of that order, this Court likely lacks subject matter jurisdiction to adjudicate that motion at this time.

[3] As noted in the Plaintiffs' motion paper and Rule 7.1 certificate, the federal defendants oppose this request.

directive to dismantle the Department of Education, including through a reduction in force (RIF) that would eliminate more than 1,300 existing staff. Doc. No. 1. The Plaintiff States filed their motion for entry of a preliminary injunction on March 24, 2025. Doc. No. 69. In seeking the Injunction, Plaintiff States sought to preserve the "status quo" prior to the RIF. Doc. No. 70 at 40; Doc. No. 101 at 15. The Somerville Plaintiffs filed their complaint on March 24, 2025 and sought a preliminary injunction similar in scope and design to that of the Plaintiff States on April 1, 2025. *See Somerville Public Schools et al. v. Trump et al.*, No. 1:25-cv-10677-MJJ (D. Mass.), Doc. Nos. 1, 25. The Court heard the Consolidated Plaintiffs' requests for entry of preliminary injunctions together, on April 22, 2025, and has now formally consolidated the matters. *See* Doc. No. 128 at 4 n. 4.

On May 22, 2025, this Court granted the Injunction to "restore the status quo until this court can determine whether Defendants acted unlawfully." Doc. No. 128 at 54. The Injunction, amongst other things, barred the Agency Defendants from carrying out the RIF, and directed the Agency Defendants to file weekly status updates until the status quo of the agency's functions was restored. *Id.* at 88. The Agency Defendants subsequently appealed this Court's Injunction and unsuccessfully sought to stay the Injunction before this Court (Doc. No. 133) and the First Circuit; both courts denied a stay. *See* Doc. No. 136; Order of the Court, *New York v. McMahon*, No. 25-1495 (1st Cir. June 4, 2025). The Agency Defendants thereafter filed an application for entry of a stay with the U.S. Supreme Court. *See McMahon et al. v. State of New York et al.*, No. 24A1203 (June 6, 2025).

On July 14, 2025, the Supreme Court stayed the Injunction pending disposition of the Agency Defendants' appeal of the Injunction and of a petition for a writ of certiorari, if any. *McMahon v. New York*, 2025 WL 1922626, at *1 (U.S. July 14, 2025). The Supreme Court's stay

order is silent as to the majority's rationale for staying the Injunction. *See id.* Hours after the Supreme Court's stay order issued, Jacqueline Clay, Chief Human Capital Officer of the Department, sent an email to employees subject to the RIF stating that they would be terminated effective August 1, 2025. *See* Ex. A (CHCO Update Email). On August 1, the RIF took effect, and it is the Consolidated Plaintiffs' understanding that approximately 1,000 employees have now been terminated by the U.S. Department of Education. *See* Cory Turner, "Today is the last day for many Education Department workers. Here's what they did," NPR.org (Aug. 1, 2025), accessed at: https://www.npr.org/2025/08/01/nx-s1-5482492/last-day-education-department-workers.

On July 28, 2025, the parties filed a joint motion in the First Circuit requesting that all deadlines in the appeal before that court be enlarged by 30 days, such that the Agency Defendants' deadline for submitting their opening appellate brief and appendix would be enlarged to September 3, 2025. On July 29, 2025, the First Circuit granted that motion.

## ARGUMENT

The effect of the Supreme Court's stay of this Court's Injunction is that a key component of the Agency Defendants' efforts to dismantle the Department of Education—termination of a significant percentage of its workforce—has now occurred. Because of this changed circumstance, the Injunction will not effectively preserve the status quo during the course of this litigation. Therefore, Consolidated Plaintiffs respectfully request that this Court (1) issue an indicative ruling stating that it would vacate the Injunction if the First Circuit were to remand the Agency Defendants' appeal and (2) schedule a status conference at the Court's convenience on or after September 12, 2025 to discuss the prompt and efficient advancement of this matter to final judgment on the merits.

A district court may revise its own interlocutory order at any time before there has been a final judgment on all claims as to all parties. Fed. R. Civ. P. 54(b). Moreover, "[i]n the First Circuit, a district court may modify a preliminary injunction pursuant to Fed. R. Civ. P. 60(b)(5)," if applying the injunction prospectively is no longer equitable because of a change in factual circumstances. *See Southern New England Telephone Co.*, 620 F.Supp.2d 152, 154 (D. Mass. 2009) (citing *Concilio de Salud Integral de Loiza, Inc. v. Perez-Perdomo*, 551 F.3d 10, 16 (1st Cir. 2009)); *see also* Fed. R. Civ. P. 60(b)(5). And generally speaking, a district court has inherent power to vacate its own injunction based on "the same considerations that guide a judge in deciding whether to grant or deny a preliminary injunction in the first place," which includes the balance of "the equities and the public interest." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994); *see also Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) ("significant change in facts or law" permits district court to dissolve injunction). Thus, a district court may dissolve a preliminary injunction where a change in circumstances makes the injunction no longer suited to achieve its purposes. *DiCarlo-Fagioli v. JPMorgan Chase Bank, N.A.*, 2014 WL 12927271, at *1 (D.N.H. Nov. 12, 2014) (citing *Knapp Shoes*); *accord Ollivierra v. Wilmington Savings Fund Soc'y*, 2018 WL 11432714, at *5 (D. Mass. Jan. 2, 2018) (same).

Rule 62.1 of the Federal Rules of Civil Procedure allows this Court to issue an indicative ruling regarding "relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a). Such indicative ruling may "state either that [the District Court] would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3); *cf. CASA Inc. v. Trump*, No. 8:25-cv-00201 (D. Md. July 16, 2025), Doc. No. 120 (issuing indicative ruling regarding requested relief on injunction for which appeal was pending and directing movants to notify Fourth Circuit

regarding same). Following entry of such an indicative ruling, "[t]he movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(b).

Here, the Consolidated Plaintiffs respectfully submit that changed circumstances warrant dissolution of the Injunction. One of the primary purposes of the Injunction was to ensure that the Department would retain the employees needed to maintain the status quo of operations pending resolution of this litigation. However, as of August 1, 2025, following the Supreme Court's order staying the Injunction, the RIF has now taken effect and many of the RIF-impacted employees have been terminated. Furthermore, the Supreme Court ordered that the stay would remain in place until the appeal in the First Circuit is resolved—and then pending the briefing and disposition of any petition for certiorari. Given that the First Circuit appeal has yet to be briefed, let alone calendared for oral argument, the Supreme Court's stay is certain to remain in effect through 2025, and likely deep into 2026, if not through that year, too. The Injunction therefore cannot have its intended effect of preserving the status quo at the Department pending final disposition of this litigation. Under the particular circumstances of this case, the equities and the public interest are thus best served by vacatur of the Injunction.[4]

As the Defendants correctly stated in a recent filing on the appeal, the parties intend "to focus their immediate efforts on expeditious resolution of the merits in district court," and there is a "significant possibility that the district court will enter final judgment before the existing

---

[4] The Consolidated Plaintiffs' request the relief sought here based on the practical realities of the August 1, 2025 RIF and the Supreme Court's stay. The Consolidated Plaintiffs continue to believe that this Court's Injunction was properly entered and anticipate that many of the issues raised with respect to that Injunction will be raised anew by the parties in conjunction with their anticipated summary judgment briefing.

6

Supreme Court stay expires." Assented To Motion to Extend Time, 1st Cir. No. 25-1495 (July 28, 2025). The Consolidated Plaintiffs have been conferring with Defendants regarding scheduling and anticipate submitting a proposed schedule to reach final judgment in this matter.[5] The equities and the public interest, as well as judicial economy, are thus better served by the parties working to speedily resolve the matter in this Court, rather than by litigating an appeal from a now-stale injunction that is likely to become moot after entry of final judgment in this matter. Because the Agency Defendants' appeal from the Injunction has been docketed and is pending in the First Circuit, the Consolidated Plaintiffs therefore respectfully request that the Court issue an indicative ruling stating that the Court would grant the motion if the Court of Appeals were to remand for that purpose. *See* Fed. R. Civ. P. 62.1(a)(3), *see, e.g., Index Newspapers LLC v. City of Portland*, C.A. No. 3:20-cv-1035-SI, 2022 WL 72124, at *2 (D. Ore. Jan. 7, 2022) (granting federal government's motion for indicative ruling on motion to vacate injunction). Should the Court issue such an indicative ruling, the Consolidated Plaintiffs would promptly notify the First Circuit of that ruling and seek a remand pursuant to Fed. R. App. P. 12.1.

## CONCLUSION

The Consolidated Plaintiffs respectfully request that this Court vacate the Injunction or, in the alternative, issue an indicative ruling stating that the Court would grant Plaintiffs' motion to vacate the preliminary injunction order if the First Circuit were to remand for that purpose.[6] The

---

[5] The parties have already begun to meet and confer regarding a proposed schedule in this matter, and hope to present the Court with a proposed scheduling order in the coming weeks.

[6] As noted above, *see supra* at 2 n.2, the Plaintiffs formally move to vacate to avoid any ripeness concerns with their Rule 62.1 motion, but acknowledge that the Court likely does not have jurisdiction to grant that motion prior to the Rule 62.1 protocol.

Consolidated Plaintiffs further request that this Court schedule a Rule 16 conference at the Court's convenience.

Dated: August 8, 2025  Respectfully submitted,

**ANDREA JOY CAMPBELL**
Attorney General for the Commonwealth of Massachusetts

By: */s/ Nathaniel Hyman*
Katherine Dirks (BBO No. 673674)
  Chief State Trial Counsel
Yael Shavit (BBO No. 695333)
  Chief, Consumer Protection Division
Anna Lumelsky (BBO No. 677708)
  Deputy State Solicitor
Elizabeth Carnes Flynn (BBO No. 687708)
Nathaniel Hyman (BBO No. 698506)
Arjun Jaikumar (BBO No. 691311)
  Assistant Attorneys General
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
yael.shavit@mass.gov
anna.lumelsky@mass.gov
elizabeth.carnes-flynn@mass.gov
nathaniel.j.hyman@mass.gov
arjun.k.jaikumar@mass.gov

**LETITIA JAMES**
Attorney General for the State of New York

By: */s/ Rabia Muqaddam*
Rabia Muqaddam*
Special Counsel for Federal Initiatives
Molly Thomas-Jensen*
Special Counsel
Gina Bull*
Assistant Attorney General
28 Liberty St.
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov
molly.thomas-jensen@ag.ny.gov
gina.bull@ag.ny.gov

**ANNE E. LOPEZ**
Attorney General for the State of Hawaiʻi

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day*
Special Assistant to the Attorney General

**ROB BONTA**
Attorney General for the State of California

By: */s/ Lucia Choi*
Lucia J. Choi*
Deputy Attorney General
Michael L. Newman**

8

Kalikoʻonālani D. Fernandes*  
Solicitor General  
Ewan C. Rayner*  
Caitlyn B. Carpenter*  
Deputy Solicitors General  
425 Queen Street  
Honolulu, HI 96813  
(808) 586-1360  
david.d.day@hawaii.gov  
kaliko.d.fernandes@hawaii.gov  
ewan.rayner@hawaii.gov  
caitlyn.b.carpenter@hawaii.gov  

Senior Assistant Attorney General  
Srividya Panchalam*  
James E. Stanley*  
Supervising Deputy Attorneys General  
Natasha A. Reyes*  
Megan Rayburn**  
Deputy Attorneys General  
California Attorney General's Office  
300 South Spring Street  
Los Angeles, CA 90013  
(213) 269-6364  
Lucia.Choi@doj.ca.gov  
Michael.Newman@doj.ca.gov  
Srividya.Panchalam@doj.ca.gov  
James.Stanley@doj.ca.gov  
Natasha.Reyes@doj.ca.gov  
Megan.Rayburn@doj.ca.gov  

**PHIL WEISER**  
Attorney General for the State of Colorado  

By: */s/ David Moskowitz*  
David Moskowitz*  
Deputy Solicitor General  
1300 Broadway, #10  
Denver, CO 80203  
(720) 508-6000  
David.Moskowitz@coag.gov  

**KATHLEEN JENNINGS**  
Attorney General for the State of Delaware  

By: /s/ *Ian R. Liston*  
Ian R. Liston**  
Director of Impact Litigation  
Vanessa L. Kassab**  

**KRISTIN K. MAYES**  
Attorney General for the State of Arizona  

By: */s/ Clinten N. Garrett*  
Clinten N. Garrett**  
Senior Appellate Counsel  
2005 North Central Avenue  
Phoenix, AZ 85004  
(602) 542-3333  
Clinten.Garrett@azag.gov  

**WILLIAM TONG**  
Attorney General for the State of Connecticut  

By: */s/ Patrick Ring*  
Patrick Ring*  
Assistant Attorney General  
165 Capitol Avenue  

9

Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
ian.liston@delaware.gov

**BRIAN L. SCHWALB**
Attorney General for the District of Columbia

By: */s/ Andrew Mendrala*
Andrew Mendrala*
Assistant Attorney General
Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 724-9726
Andrew.Mendrala@dc.gov


**AARON M. FREY**
Attorney General for the State of Maine

By: */s/ Sean D. Magenis*
Sean D. Magenis*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
(207) 626-8800
sean.d.magenis@maine.gov

**DANA NESSEL**
Attorney General for the People of Michigan

Hartford, CT 06106
(860) 808 5020
Patrick.ring@ct.gov

**KWAME RAOUL**
Attorney General for the State of Illinois

By: */s/ Karyn L. Bass Ehler*
Karyn L. Bass Ehler*
Assistant Chief Deputy Attorney General
Katharine P. Roberts*
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(312) 814-4985
karyn.bassehler@ilag.gov
katharine.roberts@ilag.gov


**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: */s/ Keith M. Jamieson**
Keith M. Jamieson*
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6960
kjamieson@oag.state.md.us


**KEITH ELLISON**
Attorney General for the State of Minnesota

| | |
|---|---|
| By: */s/ Neil Giovanatti*<br>Neil Giovanatti\*<br>Kathleen Halloran\*<br>*Assistant Attorneys General*<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>GiovanattiN@michigan.gov<br>HalloranK1@michigan.gov | By: */s/ Liz Kramer*<br>Liz Kramer\*<br>Solicitor General<br>445 Minnesota Street, Suite 1400<br>St. Paul, MN, 55101<br>(651) 757-1010<br>Liz.Kramer@ag.state.mn.us |

**AARON D. FORD**
Attorney General for the State of Nevada

By: */s/ Heidi Parry Stern*
Heidi Parry Stern\*
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

**DAN RAYFIELD**
Attorney General for the State of Oregon

By: */s/ Elleanor H. Chin*
Elleanor H. Chin\*
Senior Assistant Attorney General
100 SW Market Street
Portland, OR 97201
(971) 673-1880
elleanor.chin@doj.oregon.gov

**CHARITY R. CLARK**
Attorney General for the State of Vermont

By: */s/ Jonathan T. Rose*
Jonathan T. Rose\*

**MATTHEW J. PLATKIN**
Attorney General for the State of New Jersey

By: */s/ Jessica L. Palmer*
Jessica L. Palmer\*
Amanda Morejon (BBO No. 696737)
*Deputy Attorney General*
25 Market Street
Trenton, NJ 08625-0093
(609) 696-4607
Jessica.Palmer@law.njoag.gov

**PETER F. NERONHA**
Attorney General for the State of Rhode Island

By: */s/ Kathryn T. Gradowski*
Kathryn T. Gradowski\*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2810
kgradowski@riag.ri.gov

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: */s/ Spencer W. Coates*

<div style="display: flex;">

Solicitor General
109 State Street
Montpelier, VT 05609
(802) 793-1646
Jonathan.rose@vermont.gov


**JOSHUA L. KAUL**
Attorney General for the State of Wisconsin

By: */s/ Charlotte Gibson*
Charlotte Gibson**
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 957-5218
gibsoncj@doj.state.wi.us


\*Admitted *Pro Hac Vice*
\*\* Motion for *Pro Hac Vice* pending or forthcoming

</div>

Spencer W. Coates*
Assistant Attorney General
Cristina Sepe*
Deputy Solicitor General
Office of the Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
spencer.coates@atg.wa.gov
cristina.sepe@atg.wa.gov

/s/ *Rachel F. Homer*
Rachel F. Homer (MA State Bar No. 693642)
Kali Schellenberg* (MA State Bar No. 694875)
Will Bardwell* (DC Bar No. 90006120)
Elena Goldstein* (NY State Bar No. 4210456)
Victoria Nugent* (DC Bar No. 470800)
Adnan Perwez* (DC Bar No. 90027532)
Shiva Kooragayala** (Ill. Bar No. 6336195)
Paul R.Q. Wolfson** (DC Bar No. 414759)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
Telephone: 833.391.4732
Facsimile: 202.796.4426
rhomer@democracyforward.org
kschellenberg@democracyforward.org
wbardwell@democracyforward.org
egoldstein@democracyforward.org
vnugent@democracyforward.org
aperwez@democracyforward.org
skooragayala@democracyforward.org
pwolfson@democracyforward.org

\* Admitted *pro hac vice*
\*\* *Pro hac vice* pending

*Counsel for Somerville Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF).

/s/ *Nathaniel J. Hyman*
Nathaniel J. Hyman