# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| STATE OF NEW YORK, *et al.*, | |
|   Plaintiffs, | Case No. 1:25-cv-10601-MJJ |
|   v. | |
| LINDA McMAHON, *et al.*, | |
|   Defendants. | |

|  |  |
|---|---|
| SOMERVILLE PUBLIC SCHOOLS, *et al.*, | |
|   Plaintiffs, | Case No. 1:25-cv-10677-MJJ |
|   v. | |
| DONALD J. TRUMP, *et al.*, | |
|   Defendants. | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the United States District Court for the District of Massachusetts, the State Plaintiffs and Somerville Plaintiffs (together, the Plaintiffs) request that defendants the U.S. Department of Education and Secretary Linda McMahon (the "Agency Defendants") answer the following interrogatories under oath, separately and fully in writing, within thirty (30) days of service hereof, or such shorter time as the Court orders or the parties stipulate.

1

## **DEFINITIONS**

1.      Plaintiffs incorporate by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts.

2.      "Plaintiffs" shall mean the consolidated plaintiffs in the above-captioned matters.

3.      "Agency Defendants" shall refer to the U.S. Department of Education, its secretary, Secretary Linda McMahon, and anyone acting on behalf of Secretary McMahon.

4.      "Defendants" shall refer to the Agency Defendants and President Donald J. Trump.

5.      "Department" shall refer to the U.S. Department of Education and any employees, agents, representatives, or contractors working on behalf of the U.S. Department of Education.

6.      "Secretary" shall refer to defendant Secretary Linda McMahon and any employees, agents, representatives, or contractors working on behalf of defendant Secretary Linda McMahon.

7.      The terms "and" and "or" as used herein shall, unless the context does not permit, be construed to mean "and/or."

8.      The term "any" as used herein, shall, unless the context does not permit, be construed to mean "any and all."

9.      The terms "include" or "including" shall mean "include without limitation" and "including without limitation."

10.      "Date" means the exact day and time, month, and year if ascertainable, or if not, the best approximation (including relationship to other events).

11.      "Employee(s)" means individuals who were in the past or are presently employed by the Department.

2

12.    The term "RIF" shall mean the reduction-in-force announced by the Department on March 11, 2025 and as described in paragraph one of the Complaint in *State of New York. et al. v. Linda McMahon, et al.*, 1:25-cv-10601 (doc. no. 1).

13.    The term "March 20th Executive Order" shall mean the Executive Order issued by President Trump on March 20, 2025 entitled "Improving Education Outcomes by Empowering Parents, States, and Communities."

14.    The term "Offices" shall refer to work units within the Department, whether officially designated as office, agency, bureau, department, division, or institute.

## INSTRUCTIONS

1.    Each interrogatory operates and shall be responded to independently, and unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

2.    If an objection is made to any part of an interrogatory, the response shall state that there is an objection to the interrogatory and the legal and factual basis for such objection.

3.    No part of an interrogatory shall be left unanswered merely because an objection is made to another part of the interrogatory.

4.    If any interrogatory demands an answer that the Agency Defendants claim may be withheld due to privilege, work product or any other privilege or immunity from disclosure, the Agency Defendants shall answer any portion of the interrogatory that is not subject to such a claim, and shall indicate with specificity and particularity the basis of said withholding, including:

(a)    the identity of the person(s) having knowledge of the information;

(b)    the identity of all persons to whom the information was communicated or otherwise made available;

3

(c)    the job title or position of every person identified in response to subparagraphs (a) and (b);

(d)    the date(s) on which the information was received or became known by each person having knowledge of its existence;

(e)    a brief description of the nature and subject matter of the information; and

(f)    the statute, rule or decision that is claimed to give rise to the privilege.

5.    If the response to any interrogatory consists in whole or in part of an objection based upon undue burden, then with respect to such response: (a) provide such information as can be ascertained without undue burden; and (b) state with particularity the basis for such objection, including a description of the process or method required to obtain the response to the interrogatory and the estimated cost and time required to obtain the response to the interrogatory.

6.    If the Agency Defendants cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible, explaining any inability to answer the remainder of any such interrogatory and stating all information or knowledge presently available to Agency Defendants concerning the unanswered portion of said interrogatory.

7.    Unless otherwise indicated, the relevant time period for purposes of these Interrogatories is from January 20, 2025 to August 1, 2025.

8.    In addition to the rules of construction in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts, whenever necessary to bring

within the scope of the interrogatory responses that might be otherwise construed to be outside their scope, construe:

      (a)     the use of the singular form of any word as including the plural and vice versa;

      (b)     the use of a verb in any tense as the use of that verb in all other tenses; and

      (c)     the use of the feminine, masculine, or neuter genders as including all genders.

9.     The interrogatories are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Agency Defendants are required promptly to serve supplementary responses and produce additional documents if the Agency Defendants obtain further or different information.

**INTERROGATORIES**

**Interrogatory No. 1**

Identify all individuals who were involved in the decision-making process related to the RIF, any reorganization of the Department, and any transfer of functions previously handled by the Department to other branches of the federal government, and their role, including but not limited to:

      (a) all individuals who had decision-making authority regarding the RIF, including but not limited to deciding whom to include in the RIF, when to commence the RIF, and how to organize the Department following the RIF, and each individual's role;

(b) all individuals who were responsible for effectuating the RIF and each

individual's role; and

(c) all individuals who were responsible for implementation of the March 20th

Executive Order and each individual's role.

**Interrogatory No. 2**

Identify all documents and communications setting forth directives, instructions, data, analyses, criteria, considerations, or other bases that were used in the decision-making process related to the RIF.

**Interrogatory No. 3**

Identify all employees who were included in the RIF and the date on which the decision was made to include them in the RIF.

**Interrogatory No. 4**

Describe the process by which the Agency Defendants identified the individuals and Offices listed in EDNY_00145 – EDNY_00155 as being subject to the RIF, identifying in the response which offices, if any, the Department at any point planned to eliminate.

**Interrogatory No. 5**

Describe what changes, if any, were made to the list of individuals impacted by the RIF after the finalization of EDNY_00145 – EDNY_00155 between February 28, 2025 and March 11, 2025. For each change in individual impacted by the RIF, state the basis for that change.

**Interrogatory No. 6**

Identify which Offices, if any, have been eliminated as a result of or in conjunction with the RIF.

**Interrogatory No. 7**

Describe what steps the Department took to identify which statutorily-mandated functions each employee within the Department fulfilled, when these steps were taken, and identify any document(s), including any spreadsheet(s), concerning the information collected.

**Interrogatory No. 8**

Describe any analyses used to determine that the positions, Offices, and roles eliminated would enhance operational efficiency, ensure compliance with statutory mandates, and improve fiscal sustainability as stated in EDNY_00058, including identifying who conducted these analyses, when the analysis was conducted, and what methodology underlay the analysis.

**Interrogatory No. 9**

Identify all employees who communicated a decision to voluntarily leave, retire, or separate from the Department between January 20, 2025, and March 31, 2025 and any option that they took to do so, including the Voluntary Early Retirement Authority ("VERA"), Voluntary Separation Incentive Payment ("VSIP") or "Fork-in-the-Road" voluntary separation offers. Include for each identified individual the position they held within the Department and the Office in which they were employed.

**Interrogatory No. 10**

Describe what steps, if any, were taken by the Agency Defendants to consider the impacts of voluntary departures from the Department between January and March 2025 on the size and scale of the RIF.

**Interrogatory No. 11**

Identify any alternatives to the RIF for achieving the objectives of the RIF the Agency Defendants considered prior to or instead of the RIF.

**<u>Interrogatory No. 12</u>**

Describe what steps, if any, were taken to ensure that the Department could continue to fulfill its statutory obligations following the RIF.

**<u>Interrogatory No. 13</u>**

Identify any analysis, report, memorandum, human resources report, Inspector General report, or other source relied upon by the Agency Defendants for the proposition that: (i) the Department was overstaffed; (ii) the RIF would result in increased efficiency; (iii) the RIF would result in better performance of the Department's statutory functions; (iv) there were employees within the Department performing duplicative functions; (v) the individuals terminated as a result of the RIF did not perform statutory functions; or (vi) the Department's ability to fulfill its statutory functions would not be impacted by the RIF.

**<u>Interrogatory No. 14</u>**

Identify any agreement or draft agreement between the Department and any other agency or body that would result in an entity other than the Department performing tasks or functions historically conducted by the Department, including but not limited to any such agreement to transfer some or all functions relating to Federal Student Aid to the U.S. Treasury Department or the U.S. Small Business Administration and the transfer of functions of the Office of Career, Technical, and Adult Education within the Department to the U.S. Department of Labor, and for each such agreement describe the basis for the decision to enter into that agreement.

**<u>Interrogatory No. 15</u>**

Identify any artificial intelligence program that was used as part of the decision-making process that led to the RIF and/or was used to effectuate the RIF and, if an artificial program was used, describe how that program was utilized.

**Interrogatory No. 16**

Identify any staff members associated with or employed by the U.S. Department of Government Efficiency or the U.S. DOGE Services who worked on any aspect of the RIF.

**Interrogatory No. 17**

Identify the total number of employees who received RIF notices in March 2025 for whom the Department has subsequently rescinded that RIF notice or offered to re-hire the employee in question. For each employee so impacted, identify the business unit in which that individual was employed before the RIF, the business unit that employee is currently assigned to, the date on which they were notified of the RIF, and the date on which they were invited to remain at or return to the Department.

Dated: September 12, 2025

Respectfully submitted,

/s/ *Kali Schellenberg*
Rachel F. Homer (MA State Bar No. 693642)
Kali Schellenberg* (MA State Bar No. 694875)
Will Bardwell* (DC Bar No. 90006120)
Elena Goldstein* (NY State Bar No. 4210456)
Victoria Nugent* (DC Bar No. 470800)
Adnan Perwez* (DC Bar No. 90027532)
Shiva Kooragayala** (Ill. Bar No. 6336195)
Paul R.Q. Wolfson** (DC Bar No. 414759)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
Telephone: 833.391.4732
Facsimile: 202.796.4426
rhomer@democracyforward.org
kschellenberg@democracyforward.org
wbardwell@democracyforward.org
egoldstein@democracyforward.org
vnugent@democracyforward.org
aperwez@democracyforward.org
skooragayala@democracyforward.org
pwolfson@democracyforward.org

\* Admitted *pro hac vice*
\*\* *Pro hac vice* pending

*Counsel for Somerville Plaintiffs*

**ANDREA JOY CAMPBELL**
Attorney General for the Commonwealth
of Massachusetts

By: /s/ *Michelle Pascucci*
Katherine Dirks (BBO No. 673674)
Chief State Trial Counsel
Michelle Pascucci (BBO No. 690899)
State Trial Counsel
Yael Shavit (BBO No. 695333)
Chief, Consumer Protection Division
Anna Lumelsky (BBO No. 677708)
  Deputy State Solicitor
Elizabeth Carnes Flynn (BBO No. 687708)
Nathaniel Hyman (BBO No. 698506)

**LETITIA JAMES**
Attorney General for the State of New York

By: /s/ *Rabia Muqaddam*
Rabia Muqaddam*
Special Counsel for Federal Initiatives
Molly Thomas-Jensen*
Special Counsel
Gina Bull*
Assistant Attorney General
28 Liberty St.
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov
molly.thomas-jensen@ag.ny.gov

Arjun Jaikumar (BBO No. 691311)
Assistant Attorneys General
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
yael.shavit@mass.gov
anna.lumelsky@mass.gov
elizabeth.carnes-flynn@mass.gov
nathaniel.j.hyman@mass.gov
arjun.k.jaikumar@mass.gov

gina.bull@ag.ny.gov

**ANNE E. LOPEZ**
Attorney General for the State of Hawai‘i

By: */s/ Kaliko‘onālani D. Fernandes*
David D. Day*
Special Assistant to the Attorney General
Kaliko‘onālani D. Fernandes*
Solicitor General
Ewan C. Rayner*
Caitlyn B. Carpenter*
Deputy Solicitors General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov
ewan.rayner@hawaii.gov
caitlyn.b.carpenter@hawaii.gov

**ROB BONTA**
Attorney General for the State of California

By: */s/ Lucia Choi*
Lucia J. Choi*
Deputy Attorney General
Michael L. Newman**
Senior Assistant Attorney General
Srividya Panchalam*
James E. Stanley*
Supervising Deputy Attorneys General
Natasha A. Reyes*

Deputy Attorneys General
California Attorney General's Office
300 South Spring Street
Los Angeles, CA 90013
(213) 269-6364
Lucia.Choi@doj.ca.gov
Michael.Newman@doj.ca.gov
Srividya.Panchalam@doj.ca.gov
James.Stanley@doj.ca.gov
Natasha.Reyes@doj.ca.gov
Megan.Rayburn@doj.ca.gov

**PHIL WEISER**
Attorney General for the State of Colorado

By: */s/ David Moskowitz*
David Moskowitz*

**KRISTIN K. MAYES**
Attorney General for the State of Arizona

By: */s/ Clinten N. Garrett*
Clinten N. Garrett**

11

Deputy Solicitor General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov

Senior Appellate Counsel
2005 North Central Avenue
Phoenix, AZ 85004
(602) 542-3333
Clinten.Garrett@azag.gov

**KATHLEEN JENNINGS**
Attorney General for the State of Delaware

By: /s/ *Ian R. Liston*
Ian R. Liston**
Director of Impact Litigation
Vanessa L. Kassab**
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
ian.liston@delaware.gov

**WILLIAM TONG**
Attorney General for the State of Connecticut

By: /s/ *Patrick Ring*
Patrick Ring*
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808 5020
Patrick.ring@ct.gov

**BRIAN L. SCHWALB**
Attorney General for the District of
Columbia

By: /s/ *Andrew Mendrala*
Andrew Mendrala*
Assistant Attorney General
Public Advocacy Division
Office of the Attorney General for the
District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 724-9726
Andrew.Mendrala@dc.gov

**KWAME RAOUL**
Attorney General for the State of Illinois

By: /s/ *Karyn L. Bass Ehler*
Karyn L. Bass Ehler*
Assistant Chief Deputy Attorney General
Katharine P. Roberts*
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(312) 814-4985
karyn.bassehler@ilag.gov
katharine.roberts@ilag.gov

**AARON M. FREY**
Attorney General for the State of
Maine

By: /s/ *Sean D. Magenis*
Sean D. Magenis*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006

**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: /s/ *Keith M. Jamieson*
Keith M. Jamieson*
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6960

12

(207) 626-8800
sean.d.magenis@maine.gov

kjamieson@oag.state.md.us

**DANA NESSEL**
Attorney General for the People of
Michigan

By: */s/ Neil Giovanatti*
Neil Giovanatti*
Kathleen Halloran*
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
HalloranK1@michigan.gov

**KEITH ELLISON**
Attorney General for the State of Minnesota

By: */s/ Liz Kramer*
Liz Kramer*
Solicitor General
445 Minnesota Street, Suite 1400
St. Paul, MN, 55101
(651) 757-1010
Liz.Kramer@ag.state.mn.us

**AARON D. FORD**
Attorney General for the State of Nevada

By: */s/ Heidi Parry Stern*
Heidi Parry Stern*
Solicitor General
Office of the Nevada Attorney
General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

**MATTHEW J. PLATKIN**
Attorney General for the State of New Jersey

By: */s/ Jessica L. Palmer*
Jessica L. Palmer*
Amanda Morejon
*Deputy Attorney General*
25 Market Street
Trenton, NJ 08625-0093
(609) 696-4607
Jessica.Palmer@law.njoag.gov

**DAN RAYFIELD**
Attorney General for the State of Oregon

By: */s/ Elleanor H. Chin*
Elleanor H. Chin*
Senior Assistant Attorney General
100 SW Market Street
Portland, OR 97201
(971) 673-1880
elleanor.chin@doj.oregon.gov

**PETER F. NERONHA**
Attorney General for the State of Rhode
Island

By: */s/ Kathryn T. Gradowski*
Kathryn T. Gradowski*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2810
kgradowski@riag.ri.gov

**CHARITY R. CLARK**
Attorney General for the State of Vermont

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: */s/ Spencer W. Coates*

13

By: /s/ Jonathan T. Rose
Jonathan T. Rose*
Solicitor General
109 State Street
Montpelier, VT 05609
(802) 793-1646
Jonathan.rose@vermont.gov


**JOSHUA L. KAUL**
Attorney General for the State of
Wisconsin

By: /s/ Charlotte Gibson
Charlotte Gibson**
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 957-5218
gibsoncj@doj.state.wi.us


*Admitted *Pro Hac Vice*
** Motion for *Pro Hac Vice* pending or
forthcoming

Spencer W. Coates*
Assistant Attorney General
Cristina Sepe*
Deputy Solicitor General
Office of the Washington State Attorney
General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
spencer.coates@atg.wa.gov
cristina.sepe@atg.wa.gov

14