# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STATE OF NEW YORK, *et al.*; <br><br> Plaintiffs, <br><br> v. <br><br> LINDA McMAHON, in her official capacity as Secretary of Education, *et al.*; <br><br> Defendants. | C.A. No. 1:25-cv-10601-MJJ |

| | |
|---|---|
| SOMERVILLE PUBLIC SCHOOLS, *et al.*; <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*; <br><br> Defendants. | C.A. No. 1:25-cv-10677-MJJ |

**[PROPOSED] ORDER REGARDING DISCOVERY**

After consideration of the Consolidated Plaintiffs' and the Defendants' (together, the "Parties") joint request for entry of order, and for good cause shown, said motion is **GRANTED**. It is hereby **ORDERED** that:

1.    The Court has considered Defendants' objections to produce discovery in connection with this case set forth in Doc. No. 186. The Defendants shall respond to the Consolidated Plaintiffs' second set of requests for the production of documents, second set of interrogatories, and second set of requests for admissions,  and shall prepare one or more designees

1

for purposes of a Rule 30(b)(6) deposition on topics identified in a supplemental deposition notice, to the extent that such discovery seeks information considered in the U.S. Department of Education's (the "Department") decision-making as to and information relating to any reason for the inter-agency agreements ("IAAs") challenged in the above-captioned suits, consistent with this Court's prior order (Doc. No. 202) on the Consolidated Plaintiffs' first motion for discovery (Doc. No. 172).  In ordering the Defendants to respond to this discovery, the Court expressly waives the numerical limitations on discovery generally imposed by Local Rule 26.1(c).

2.      Such discovery shall cover the following IAAs:

a.      the IAA between the Department and the U.S. Department of the Interior Relating to the Office of Indian Education, included as EDNY_00156 – EDNY_00166 in the administrative record;

b.      the IAA between the Department and the U.S. Department of Labor relating to the Office of Elementary and Secondary Education, included as EDNY_00167-EDNY_00178 in the administrative record;

c.      the IAA between the and the U.S. Department of Labor relating to the Office of Career, Technical, and Adult Education, included as EDNY_00179 – EDNY_00186 in the administrative record;

d.      the IAA between the Department and the U.S. Department of Labor relating to Higher Education Programs, included as EDNY_00187 – EDNY_00199 in the administrative record;

e.      the IAA between the Department and the U.S. Department of Health and Human Services, Administration for Children and Families relating to the

2

CCAMPIS Program, included as EDNY_00200 – EDNY_00206 in the administrative record;

f.       the IAA between the Department and the U.S. Department of Health and Human Services Relating to the National Committee on Foreign Medical Education and Accreditation;

g.       the IAA between the Department and the U.S. Department of State relating to International and Foreign Language Education;

h.       the IAA between the Department and the U.S. Department of State relating to Section 117 of the Higher Education Act of 1965;

i.       the IAA between the Department and the U.S. Department of Health and Human Services relating to School Emergency Response to Violence, School Safety National Activities, Ready to Learn Programming, Full-Service Community Schools, Promise Neighborhoods, and Statewide Family Engagement Centers programs;

j.       the IAA between the Department and the U.S. Treasury Department relating to certain Federal Student Aid functions, announced in March 2026; and

k.       any other IAA entered into between the Department and any other federal agency during this litigation.

3.       As the Court previously directed, *see* Doc. No. 202 at 11 n.3, the Defendants shall generate a log of documents withheld on any basis, including documents or materials withheld on the basis of attorney-client privilege and attorney work product.

4.       Any individual designated as a Rule 30(b)(6) designee by the Department shall appear at deposition in both their official designee and individual capacities, and the Consolidated

Plaintiffs may ask each designee questions in their individual capacities. If, after the designation and completion of the deposition(s), the Consolidated Plaintiffs believe further individual depositions are warranted, they may move for such additional discovery at that time.

    **SO ORDERED**.

 

_____

Hon. Myong J. Joun
U.S. District Court Judge