# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>LINDA McMAHON, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-10601-MJJ |
| SOMERVILLE PUBLIC SCHOOLS, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-10677-MJJ |

## PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the United States District Court for the District of Massachusetts, the State Plaintiffs and Somerville Plaintiffs (together, the Plaintiffs) request that defendants the U.S. Department of Education and Secretary Linda McMahon (the Agency Defendants) answer the following interrogatories under oath, separately and fully in writing, within thirty (30) days of service hereof, or such shorter time as the Court orders or the parties stipulate.

## DEFINITIONS

1.      Plaintiffs incorporate by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts.

2.      "Plaintiffs" shall mean the consolidated plaintiffs in the above-captioned matters.

3.      "Agency Defendants" shall refer to the U.S. Department of Education, its secretary, Secretary Linda McMahon, and anyone acting on behalf of Secretary McMahon.

4.      "Defendants" shall refer to the Agency Defendants and President Donald J. Trump.

5.      "Department" shall refer to the U.S. Department of Education and any employees, agents, representatives, or contractors working on behalf of the U.S. Department of Education.

6.      "Secretary" shall refer to defendant Secretary Linda McMahon and any employees, agents, representatives, or contractors working on behalf of defendant Secretary Linda McMahon.

7.      The terms "and" and "or" as used herein shall, unless the context does not permit, be construed to mean "and/or."

8.      The term "any" as used herein, shall, unless the context does not permit, be construed to mean "any and all."

9.      The terms "include" or "including" shall mean "include without limitation" and "including without limitation."

10.     "Date" means the exact day and time, month, and year if ascertainable, or if not, the best approximation (including relationship to other events).

11.     "Employee(s)" means individuals who were in the past or are presently employed by the Department.

2

12. The term "RIF" shall mean the reduction-in-force announced by the Department on March 11, 2025 and as described in paragraph one of the Complaint in *State of New York. et al. v. Linda McMahon, et al.*, 1:25-cv-10601 (doc. no. 1).

13. The term "March 20th Executive Order" shall mean the Executive Order issued by President Trump on March 20, 2025 entitled "Improving Education Outcomes by Empowering Parents, States, and Communities."

14. The term "OIE-DOI IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of the Interior Relating to the Office of Indian Education, included as EDNY_00156 – EDNY_00166 in the administrative record.

15. The term "OESE-DOL IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Labor relating to the Office of Elementary and Secondary Education, included as EDNY_00167-EDNY_00178 in the administrative record.

16. The term "OCTAE-DOL IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Labor relating to the Office of Career, Technical, and Adult Education, included as EDNY_00179 – EDNY_00186 in the administrative record.

17. The term "OPE-DOL IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Labor relating to Higher Education Programs, included as EDNY_00187 – EDNY_00199 in the administrative record.

18. The term "CCAMPIS IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Health and Human Services, Administration for Children and Families relating to the CCAMPIS Program, included as EDNY_00200 – EDNY_00206 in the administrative record.

19.     The term "NCFMEA IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Health and Human Services Relating to the National Committee on Foreign Medical Education and Accreditation (NCFMEA).

20.     The term "IFLE IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of State relating to International and Foreign Language Education (IFLE).

21.     The term "Section 117 IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of State relating to Section 117 of the Higher Education Act of 1965.

22.     The term "FESSP IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Health and Human Services relating to  School Emergency Response to Violence (Project SERV), School Safety National Activities, Ready to Learn Programming, Full-Service Community Schools, Promise Neighborhoods, and Statewide Family Engagement Centers programs.

23.     The term "FSA-DOT IAA" shall mean the Interagency Agreement between the Department and the U.S. Treasury Department relating to certain Federal Student Aid functions.

24.     The "IAAs" refer to the OIE-DOI IAA, the OESE-DOL IAA, the OCTAE-DOL IAA, the OPE-DOL IAA, the CCAMPIS IAA, the NCFMEA IAA, the IFLE IAA, the Section 117 IAA, the FESSP IAA, the FSA-DOT IAA, and any other Interagency agreement executed by the Department and any other federal body on or after January 20, 2025.

## INSTRUCTIONS

1.     Each interrogatory operates and shall be responded to independently, and unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

2.      If an objection is made to any part of an interrogatory, the response shall state that there is an objection to the interrogatory and the legal and factual basis for such objection.

3.      No part of an interrogatory shall be left unanswered merely because an objection is made to another part of the interrogatory.

4.      If any interrogatory demands an answer that the Agency Defendants claim may be withheld due to privilege, work product, or any other privilege or immunity from disclosure, the Agency Defendants shall answer any portion of the interrogatory that is not subject to such a claim, and shall indicate with specificity and particularity the basis of said withholding.

5.      If the response to any interrogatory consists in whole or in part of an objection based upon undue burden, then with respect to such response: (a) provide such information as can be ascertained without undue burden; and (b) state with particularity the basis for such objection, including a description of the process or method required to obtain the response to the interrogatory.

6.      If the Agency Defendants cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible, explaining any inability to answer the remainder of any such interrogatory and stating all information or knowledge presently available to Agency Defendants concerning the unanswered portion of said interrogatory.

7.      Unless otherwise indicated, the relevant time period for purposes of these Interrogatories is from January 20, 2025 to the present.

8.      In addition to the rules of construction in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts, whenever necessary to bring

within the scope of the interrogatory responses that might be otherwise construed to be outside their scope, construe:

> (a)   the use of the singular form of any word as including the plural and vice versa;
>
> (b)   the use of a verb in any tense as the use of that verb in all other tenses; and
>
> (c)   the use of the feminine, masculine, or neuter genders as including all genders.

9.   The interrogatories are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Agency Defendants are required promptly to serve supplementary responses and produce additional documents if the Agency Defendants obtain further or different information.

## INTERROGATORIES

**Interrogatory No. 1**

Identify all documents and communications setting forth directives, instructions, data, analyses, criteria, considerations, or other bases that were used in the decision-making process related to the IAAs.

**Interrogatory No. 2**

For each of the IAAs, identify each employee position (by job title and unit) that the Department plans to detail to its partner agency(ies), and describe when the Department plans to detail the employee position and for how long the detail is currently anticipated to last, to the extent such information was considered when the Department entered into each IAA.

**Interrogatory No. 3**

Identify each Interagency Agreement the Department has entered into from January 20, 2025 to the present, and for each agreement, further identify: (i) the partner agency with which the Department has entered into an Interagency Agreement; (ii) the purpose of that Interagency Agreement; (iii) the programs, activities, or services covered by the Interagency Agreement.

**Interrogatory No. 4**

Describe the process through which the Department selected programs and functions that would be subject to the IAAs and transferred to other federal agencies throughout the U.S. Government and which programs, activities, and functions would remain at the Department.

**Interrogatory No. 5**

Identify any analysis, report, memorandum, human resources report, Inspector General report, or other source relied upon by the Department for the proposition that the OIE-DOI IAA will:

(a)     "further[] and improv[e]. . . American Indian education in the United States." EDNY_00156.

(b)     "(1) enables administrative reforms to agency policies and programmatic requirements; (2) provides process improvements to enhance the experience for American Indian education program participants; and (3) connects ED and DOI American Indian education programs to provide a coordinated federal Indian education system that centers the rights of families."  EDNY_00156; and

(c)     "will enhance opportunities to invest in, and improve, Indian education through collaboration with state, local, and tribal education providers."  EDNY_00156.

**Interrogatory No. 6**

Identify any analysis, report, memorandum, human resources report, Inspector General report, or other source relied upon by the Department for the proposition that the OESE-DOL IAA will:

(a)     "empower parents and states, promote innovation, and deliver process improvements in pursuit of better outcomes for students in elementary and secondary education in the United States, by establishing a partnership that (1) enables administrative reforms to agency policies and programmatic requirements; (2) provides process improvements to enhance the experience for education and workforce program participants; and (3) connects ED education and workforce development programs with DOL workforce programs to provide a coordinated federal education and workforce system."  EDNY_00167; and

(b)     "enhance opportunities to invest in the education and upskilling of American students to meet rapidly evolving skill demands of industries; provide common programmatic requirements for identifying alternatives to the 4-year college degree path that are consistent with the specific skill needs of prospective employers; promote flexibilities to empower greater state and local alignment between education and workforce systems; and implement efficiencies to streamline information collection by harmonizing performance reporting, reducing the burden on state and local educational institutions, and ensuring that performance outcomes are measured suing the most reliable data sources." EDNY_00167.

**Interrogatory No. 7**

Identify any analysis, report, memorandum, human resources report, Inspector General report, or other source relied upon by the Department for the proposition that the OCTAE-DOL IAA will:

(a)     "return authority over education to the States and local communities while ensuring the effective and uninterrupted delivery of services, programs, and benefits on which Americans rely. . . ." EDNY_00179.

(b)     "enhance opportunities to invest in the upskilling of American students and workers to meet rapidly evolving skill demands of industries, including the use of Artificial Intelligence in the workplace; provide common programmatic requirements for identifying and making transparent alternative credentials and assessments to the 4-year college degree that can be mapped to the specific skill needs of prospective employers; and implement efficiencies to streamline information collection by harmonizing performance reporting, reducing the burden on grantees, and ensuring that performance outcomes are measured using the most reliable data sources." EDNY_00179.

(c)     allow the Department and the Department of Labor to "coordinat[e] program administration and grant administration funds appropriated to ED's Office of Career, Technical, and Adult Education (OCTAE) for the adult education and family literacy programs funded under Title II of WIOA and career and technical education (CTE) programs funded by Perkins V." EDNY_00179; and

(d)     "leverage WIOA Title I adult, youth, and dislocated worker program funds; WIOA Title II adult education and family literacy funds; WIOA Title III Wagner-Peyser funds; and Perkins CTE program funds, in order to provide a seamless workforce development system designed to assist youth and adults with receiving training and postsecondary education needed to enter into, and persist in, high-wage, high-demand, high-skill occupations." EDNY_00179 – EDNY_00180.

**Interrogatory No. 8**

Identify any analysis, report, memorandum, human resources report, Inspector General report, or other source relied upon by the Department for the proposition that the OPE-DOL IAA will: "promote innovation and process improvements in pursuit of better employment and earnings outcomes for students and other stakeholders in higher education institutions, by establishing a partnership that (1) enables administrative reforms to agency policies and programmatic requirements; (2) provides process improvements to enhance the experience for students and stakeholders in higher education institutions; and (3) connects ED education programs with DOL programs to provide a coordinated federal approach to higher education and workforce development." EDNY_00187.

**Interrogatory No. 9**

Identify any analysis, report, memorandum, human resources report, Inspector General report, or other source relied upon by the Department for the proposition that the CCAMPIS IAA will:

8

(a)   "further[] and improv[e]. . . childcare support for parents in school through the Child Care Access Means Parents in Schools (CCAMPIS) program." EDNY_00200.

(b)   "promote innovation and process improvements in pursuit of better outcomes for parents and children, by establishing a partnership that (1) enables administrative reforms to agency policies and programmatic requirements; (2) provides process improvements by better leveraging the expertise and resources of HHS-ACF to provide campus-based child care students to low-income students." EDNY_00200.

(c)   "reduce the administrative burden on States by reducing reporting requirements and aligning performance reporting requirements for programs covered under the agreement, to the extent permissible under existing statutory authorities." EDNY_00200.

**Interrogatory No. 10**

Identify any analysis, report, memorandum, human resources report, Inspector General report, or other source relied upon by the Department for the proposition that the NCFMEA IAA will:

(a)   assist the Department in "evaluating the standards of accreditation of foreign medical schools attended by U.S. citizens who receive Federal student loans to ensure comparability with equivalent schools in the U.S." EDNY_00207.

(b)   "provide[] process improvements to enhance existing NCFMEA procedures for determining whether accreditation standards used by a foreign country to accredit medical schools are comparable to standards applied to medical schools in the United States . . . ." EDNY_00207.

(c)   "provide[] the NCFMEA with access to HHS medical education and accreditation subject matter expertise. . . ." EDNY_00207.

(d)   "provide[] a coordinated approach by the Federal government to consistent standards of accreditation for medical education of all U.S. physicians, 25 percent of whom are graduates of foreign medical schools."  EDNY_00207.

(e)   "better ensure that U.S. students can only receive federal student loans for enrollment at foreign medical schools that are subject to standards of accreditation determined by the NCFMEA to be comparable to the standards applied to U.S. medical schools, consistent with section 102 of the Higher Education Act." EDNY_00207; and

(f)   "improve[] assurance that graduates of foreign medical schools can meet the educational requirements necessary to pursue postgraduate medical education (i.e., residencies) in the U.S." EDNY_00207.

9

**Interrogatory No. 11**

Identify any analysis, report, memorandum, human resources report, Inspector General report, or other source relied upon by the Department for the proposition that the IFLE IAA will:

(a)    "further[] and improv[e]. . . the Title VI and Fulbright-Hays grant and fellowship programs that prepare U.S. students, teachers, and citizens to address global challenges by fostering a deeper understanding of languages, cultures, places, and peoples currently administered by the Office of International and Foreign Language Education."  EDNY_00213.

(b)    "(1) enable[] administrative reforms to agency policies and programmatic requirements; (2) provide[] process improvements to enhance the experience for program participants; (3) restructure[] and consolidate[] education programs; and (4) connect[] ED education programs with State to provide a coordinate system." EDNY_00213; and

(c)    "streamline program funding to enhance opportunities to invest in the education and understanding of participants; to respond to the ongoing national need for individuals with expertise and competence in world languages and areas or international studies; to advance national security by developing a pipeline of highly proficient linguists and experts in critical world region; to contribute to developing a globally competent workforce able to engage with a multilingual and multicultural clientele at home and abroad; to expand access to international and foreign language learning, especially for traditionally underserved students; to support teaching and research on critical world regions, languages, and issues; and to implement efficiencies to streamline information collection by harmonizing performance measures, reducing the burden on grantees, and ensuring that performance outcomes are measured using the most reliable data sources." EDNY_00213.

**Interrogatory No. 12**

Identify any analysis, report, memorandum, human resources report, Inspector General report, or other source relied upon by the Department for the proposition that the FSA-DOT IAA will:

(a)    "enhance the administration of Federal student aid programs, mitigate the continuing fallout and cost to taxpayers from the Biden Administration's mismanagement of the Federal student loan portfolio, and facilitate the return of defaulted borrowers to repayment;"[1] and

---

[1] *See* "U.S. Department of Education and U.S. Department of the Treasury Announce Historic Federal Student Assistance Partnership," U.S. Department of Education (Mar. 19, 2026), accessed at:  https://www.ed.gov/about/news/press-release/us-department-of-education-and-us-department-of-treasury-announce-historic-federal-student-assistance-partnership.

(b)    "dramatically improv[e]… the administration of Federal student aid programs that millions of American students, families, and borrowers rely on to access higher education."

## Interrogatory No. 12

Describe the process through which the Department negotiated each of the IAAs.

## Interrogatory No. 13

Identify any alternatives to the IAAs for achieving the objectives of the IAAs the Department considered prior to or instead of the IAAs.

## Interrogatory No. 14

Describe what steps were taken or what analysis was performed, if any, by the Department prior to entering into the IAAs to ensure that the Department could continue to fulfill its statutory obligations.

Dated: March 27, 2026                          Respectfully submitted,

                                               /s/ *Kali Schellenberg*
                                               Rachel F. Homer (MA State Bar No. 693642)
                                               Kali Schellenberg* (MA State Bar No. 694875)
                                               Will Bardwell* (DC Bar No. 90006120)
                                               Elena Goldstein* (NY State Bar No. 4210456)
                                               Victoria Nugent* (DC Bar No. 470800)
                                               Adnan Perwez* (DC Bar No. 90027532)
                                               Shiva Kooragayala** (Ill. Bar No. 6336195)
                                               Paul R.Q. Wolfson** (DC Bar No. 414759)
                                               Democracy Forward Foundation
                                               P.O. Box 34553
                                               Washington, D.C. 20043
                                               Telephone: 833.391.4732
                                               Facsimile: 202.796.4426
                                               rhomer@democracyforward.org
                                               kschellenberg@democracyforward.org
                                               wbardwell@democracyforward.org
                                               egoldstein@democracyforward.org
                                               vnugent@democracyforward.org
                                               aperwez@democracyforward.org
                                               skooragayala@democracyforward.org
                                               pwolfson@democracyforward.org

                                               * Admitted *pro hac vice*
                                               ** *Pro hac vice* pending

                                               *Counsel for Somerville Plaintiffs*

**ANDREA JOY CAMPBELL**                        **LETITIA JAMES**
Attorney General for the Commonwealth          Attorney General for the State of New York
of Massachusetts

                                               By: /s/ *Rabia Muqaddam*
By: /s/ *Nathaniel J. Hyman*                   Rabia Muqaddam*
Katherine Dirks (BBO No. 673674)               Special Counsel for Federal Initiatives
Chief State Trial Counsel                       Molly Thomas-Jensen*
Michelle Pascucci (BBO No. 690899)             Special Counsel
State Trial Counsel                            Gina Bull*
Yael Shavit (BBO No. 695333)                   Assistant Attorney General
Chief, Consumer Protection Division            28 Liberty St.
Anna Lumelsky (BBO No. 677708)                 New York, NY 10005
Deputy State Solicitor                         (929) 638-0447
Elizabeth Carnes Flynn (BBO No. 687708)        rabia.muqaddam@ag.ny.gov
Nathaniel Hyman (BBO No. 698506)               molly.thomas-jensen@ag.ny.gov

12

Arjun Jaikumar (BBO No. 691311)
Assistant Attorneys General
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
michelle.pascucci@mass.gov
yael.shavit@mass.gov
anna.lumelsky@mass.gov
elizabeth.carnes-flynn@mass.gov
nathaniel.j.hyman@mass.gov
arjun.k.jaikumar@mass.gov

**ANNE E. LOPEZ**
Attorney General for the State of Hawaiʻi

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day*
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes*
Solicitor General
Ewan C. Rayner*
Caitlyn B. Carpenter*
Deputy Solicitors General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov
ewan.rayner@hawaii.gov
caitlyn.b.carpenter@hawaii.gov

**ROB BONTA**
Attorney General for the State of California

By: */s/ Lucia Choi*
Lucia J. Choi*
Deputy Attorney General
Michael L. Newman*
Senior Assistant Attorney General
James E. Stanley*
Supervising Deputy Attorney General
Natasha A. Reyes*
Francisco V. Balderrama*
Deputy Attorneys General
California Attorney General's Office

gina.bull@ag.ny.gov

**PHIL WEISER**
Attorney General for the State of Colorado

By: */s/ David Moskowitz*
David Moskowitz*
Deputy Solicitor General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov

13

300 South Spring Street
Los Angeles, CA 90013
(213) 269-6364
Lucia.Choi@doj.ca.gov
Michael.Newman@doj.ca.gov
James.Stanley@doj.ca.gov
Natasha.Reyes@doj.ca.gov
Francisco.Balderrama@doj.ca.gov

**KATHLEEN JENNINGS**
Attorney General for the State of Delaware

By: /s/ *Ian R. Liston*
Ian R. Liston**
Director of Impact Litigation
Vanessa L. Kassab**
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
ian.liston@delaware.gov

**KRISTIN K. MAYES**
Attorney General for the State of Arizona

By: /s/ *Clinten N. Garrett*
Clinten N. Garrett*
Senior Appellate Counsel
2005 North Central Avenue
Phoenix, AZ 85004
(602) 542-3333
Clinten.Garrett@azag.gov

**BRIAN L. SCHWALB**
Attorney General for the District of
Columbia

By: /s/ *Andrew Mendrala*
Andrew Mendrala*
Assistant Attorney General
Public Advocacy Division
Office of the Attorney General for the
District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 724-9726
Andrew.Mendrala@dc.gov

**WILLIAM TONG**
Attorney General for the State of Connecticut

By: /s/ *Patrick Ring*
Patrick Ring*
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808 5020
Patrick.ring@ct.gov

14

**AARON M. FREY**
Attorney General for the State of Maine

By: */s/ Paul E. Suitter*
Paul E. Suitter
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
(207) 626-8800
paul.suitter@maine.gov


**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: */s/ Keith M. Jamieson**
Keith M. Jamieson*
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6960
kjamieson@oag.maryland.gov


**KEITH ELLISON**
Attorney General for the State of Minnesota

By: */s/ Liz Kramer*
Liz Kramer*
Solicitor General
445 Minnesota Street, Suite 1400
St. Paul, MN, 55101
(651) 757-1010
Liz.Kramer@ag.state.mn.us


**KWAME RAOUL**
Attorney General for the State of Illinois

By: */s/ Karyn L. Bass Ehler*
Karyn L. Bass Ehler*
Assistant Chief Deputy Attorney General
Katharine P. Roberts*
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(312) 814-4985
karyn.bassehler@ilag.gov
katharine.roberts@ilag.gov


**DANA NESSEL**
Attorney General for the People of Michigan

By: */s/ Neil Giovanatti*
Neil Giovanatti*
Kathleen Halloran*
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
HalloranK1@michigan.gov


**RAÚL TORREZ**
Attorney General of the State of New Mexico

By: */s/ Olivia den Dulk*
Olivia den Dulk**
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
(505) 270-4332
odendulk@nmdoj.gov

15

**AARON D. FORD**
Attorney General for the State of Nevada

By: */s/ Heidi Parry Stern*
Heidi Parry Stern*
Solicitor General
Office of the Nevada Attorney
General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov


**DAN RAYFIELD**
Attorney General for the State of Oregon

By: */s/ Elleanor H. Chin*
Elleanor H. Chin*
Senior Assistant Attorney General
100 SW Market Street
Portland, OR 97201
(971) 673-1880
elleanor.chin@doj.oregon.gov


**CHARITY R. CLARK**
Attorney General for the State of Vermont

By: */s/ Jonathan T. Rose*
Jonathan T. Rose*
Solicitor General
109 State Street
Montpelier, VT 05609
(802) 793-1646
Jonathan.rose@vermont.gov


**JOSHUA L. KAUL**
Attorney General for the State of
Wisconsin

**MATTHEW J. PLATKIN**
Attorney General for the State of New Jersey

By: */s/ Jessica L. Palmer*
Jessica L. Palmer*
Amanda Morejon
*Deputy Attorney General*
25 Market Street
Trenton, NJ 08625-0093
(609) 696-4607
Jessica.Palmer@law.njoag.gov


**PETER F. NERONHA**
Attorney General for the State of Rhode
Island

By: */s/ Kathryn T. Gradowski*
Kathryn T. Gradowski*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2810
kgradowski@riag.ri.gov


**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: */s/ Spencer W. Coates*
Spencer W. Coates*
Assistant Attorney General
Cristina Sepe*
Deputy Solicitor General
Office of the Washington State Attorney
General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
spencer.coates@atg.wa.gov

16

cristina.sepe@atg.wa.gov

By: */s/ Charlotte Gibson*
Charlotte Gibson**
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 957-5218
gibsoncj@doj.state.wi.us


*Admitted *Pro Hac Vice*
** Motion for *Pro Hac Vice* pending or forthcoming

17