# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LINDA McMAHON, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-10601-MJJ |
| SOMERVILLE PUBLIC SCHOOLS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-10677-MJJ |

**PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the State Plaintiffs and Somerville Plaintiffs (together, the Plaintiffs) shall take the deposition upon oral examination of the United States Department of Education (the Department) through one or more officers, directors, agents or other representatives who shall be designated to testify on the Department's behalf regarding all information known or reasonably available to the Department with respect to the subject matter identified in **Exhibit A**. Plaintiffs request that the Department provide written notice at least 14 business days before the deposition of the name(s) and employment position(s) of the individual(s) designated to testify on the Department's behalf.

1

The deposition shall commence at such time and location as agreed upon by the parties and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths. The deposition will be recorded by stenographic means and by videotape.

Dated: March 27, 2026

Respectfully submitted,

/s/ *Kali Schellenberg*
Rachel F. Homer (MA State Bar No. 693642)
Kali Schellenberg* (MA State Bar No. 694875)
Will Bardwell* (DC Bar No. 90006120)
Elena Goldstein* (NY State Bar No. 4210456)
Victoria Nugent* (DC Bar No. 470800)
Adnan Perwez* (DC Bar No. 90027532)
Shiva Kooragayala** (Ill. Bar No. 6336195)
Paul R.Q. Wolfson** (DC Bar No. 414759)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
Telephone: 833.391.4732
Facsimile: 202.796.4426
rhomer@democracyforward.org
kschellenberg@democracyforward.org
wbardwell@democracyforward.org
egoldstein@democracyforward.org
vnugent@democracyforward.org
aperwez@democracyforward.org
skooragayala@democracyforward.org
pwolfson@democracyforward.org

* Admitted *pro hac vice*
** *Pro hac vice* pending

*Counsel for Somerville Plaintiffs*

**ANDREA JOY CAMPBELL**
Attorney General for the Commonwealth
of Massachusetts

**LETITIA JAMES**
Attorney General for the State of New York

By: */s/ Nathaniel J. Hyman*

2

Katherine Dirks (BBO No. 673674)
Chief State Trial Counsel
Michelle Pascucci (BBO No. 690899)
State Trial Counsel
Yael Shavit (BBO No. 695333)
Chief, Consumer Protection Division
Anna Lumelsky (BBO No. 677708)
Deputy State Solicitor
Elizabeth Carnes Flynn (BBO No. 687708)
Nathaniel Hyman (BBO No. 698506)
Arjun Jaikumar (BBO No. 691311)
Assistant Attorneys General
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
michelle.pascucci@mass.gov
yael.shavit@mass.gov
anna.lumelsky@mass.gov
elizabeth.carnes-flynn@mass.gov
nathaniel.j.hyman@mass.gov
arjun.k.jaikumar@mass.gov

**ANNE E. LOPEZ**
Attorney General for the State of Hawaiʻi

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day*
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes*
Solicitor General
Ewan C. Rayner*
Caitlyn B. Carpenter*
Deputy Solicitors General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov
ewan.rayner@hawaii.gov
caitlyn.b.carpenter@hawaii.gov

By: */s/ Rabia Muqaddam*
Rabia Muqaddam*
Special Counsel for Federal Initiatives
Molly Thomas-Jensen*
Special Counsel
Gina Bull*
Assistant Attorney General
28 Liberty St.
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov
molly.thomas-jensen@ag.ny.gov
gina.bull@ag.ny.gov

3

**ROB BONTA**
Attorney General for the State of California

By: */s/ Lucia Choi*
Lucia J. Choi*
Deputy Attorney General
Michael L. Newman*
Senior Assistant Attorney General
James E. Stanley*
Supervising Deputy Attorney General
Natasha A. Reyes*
Francisco V. Balderrama*
Deputy Attorneys General
California Attorney General's Office
300 South Spring Street
Los Angeles, CA 90013
(213) 269-6364
Lucia.Choi@doj.ca.gov
Michael.Newman@doj.ca.gov
James.Stanley@doj.ca.gov
Natasha.Reyes@doj.ca.gov
Francisco.Balderrama@doj.ca.gov

**PHIL WEISER**
Attorney General for the State of Colorado

By: */s/ David Moskowitz*
David Moskowitz*
Deputy Solicitor General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov

**KATHLEEN JENNINGS**
Attorney General for the State of Delaware

By: /s/ *Ian R. Liston*
Ian R. Liston**
Director of Impact Litigation
Vanessa L. Kassab**
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
ian.liston@delaware.gov

**KRISTIN K. MAYES**
Attorney General for the State of Arizona

By: */s/ Clinten N. Garrett*
Clinten N. Garrett*
Senior Appellate Counsel
2005 North Central Avenue
Phoenix, AZ 85004
(602) 542-3333
Clinten.Garrett@azag.gov

4

**BRIAN L. SCHWALB**
Attorney General for the District of
Columbia

By: */s/ Andrew Mendrala*
Andrew Mendrala*
Assistant Attorney General
Public Advocacy Division
Office of the Attorney General for the
District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 724-9726
Andrew.Mendrala@dc.gov


**AARON M. FREY**
Attorney General for the State of
Maine

By: */s/ Paul E. Suitter*
Paul E. Suitter
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
(207) 626-8800
paul.suitter@maine.gov


**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: */s/ Keith M. Jamieson*
Keith M. Jamieson*
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6960
kjamieson@oag.maryland.gov

**WILLIAM TONG**
Attorney General for the State of Connecticut

By: */s/ Patrick Ring*
Patrick Ring*
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808 5020
Patrick.ring@ct.gov


**KWAME RAOUL**
Attorney General for the State of Illinois

By: /s/ *Karyn L. Bass Ehler*
Karyn L. Bass Ehler*
Assistant Chief Deputy Attorney General
Katharine P. Roberts*
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(312) 814-4985
karyn.bassehler@ilag.gov
katharine.roberts@ilag.gov


**DANA NESSEL**
Attorney General for the People of Michigan

By: */s/ Neil Giovanatti*
Neil Giovanatti*
Kathleen Halloran*
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
HalloranK1@michigan.gov

5

**KEITH ELLISON**
Attorney General for the State of
Minnesota

By: */s/ Liz Kramer*
Liz Kramer*
Solicitor General
445 Minnesota Street, Suite 1400
St. Paul, MN, 55101
(651) 757-1010
Liz.Kramer@ag.state.mn.us


**AARON D. FORD**
Attorney General for the State of Nevada

By: */s/ Heidi Parry Stern*
Heidi Parry Stern*
Solicitor General
Office of the Nevada Attorney
General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov


**DAN RAYFIELD**
Attorney General for the State of Oregon

By: */s/ Elleanor H. Chin*
Elleanor H. Chin*
Senior Assistant Attorney General
100 SW Market Street
Portland, OR 97201
(971) 673-1880
elleanor.chin@doj.oregon.gov


**RAÚL TORREZ**
Attorney General of the State of New
Mexico

By: */s/ Olivia den Dulk*
Olivia den Dulk**
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
(505) 270-4332
odendulk@nmdoj.gov


**MATTHEW J. PLATKIN**
Attorney General for the State of New Jersey

By: */s/ Jessica L. Palmer*
Jessica L. Palmer*
Amanda Morejon
*Deputy Attorney General*
25 Market Street
Trenton, NJ 08625-0093
(609) 696-4607
Jessica.Palmer@law.njoag.gov


**PETER F. NERONHA**
Attorney General for the State of Rhode
Island

By: */s/ Kathryn T. Gradowski*
Kathryn T. Gradowski*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2810
kgradowski@riag.ri.gov

6

**CHARITY R. CLARK**
Attorney General for the State of Vermont

By: */s/ Jonathan T. Rose*
Jonathan T. Rose*
Solicitor General
109 State Street
Montpelier, VT 05609
(802) 793-1646
Jonathan.rose@vermont.gov


**JOSHUA L. KAUL**
Attorney General for the State of
Wisconsin

By: */s/ Charlotte Gibson*
Charlotte Gibson**
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 957-5218
gibsoncj@doj.state.wi.us



*Admitted *Pro Hac Vice*
** Motion for *Pro Hac Vice* pending or
forthcoming

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: */s/ Spencer W. Coates*
Spencer W. Coates*
Assistant Attorney General
Cristina Sepe*
Deputy Solicitor General
Office of the Washington State Attorney
General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
spencer.coates@atg.wa.gov
cristina.sepe@atg.wa.gov

7

## EXHIBIT A

### DEFINITIONS

1. Plaintiffs incorporate by reference herein the Uniform Definitions in Discovery Requests set out in Local Rule 26.5 of the Local Rules of the U.S. District Court for the District of Massachusetts.

2. "Plaintiffs" shall mean the consolidated plaintiffs in the above-captioned matters.

3. "Agency Defendants" shall refer to the U.S. Department of Education, its secretary, Secretary Linda McMahon, and anyone acting on behalf of Secretary McMahon.

4. "Defendants" shall refer to the Agency Defendants and President Donald J. Trump.

5. "Department" shall refer to the U.S. Department of Education and any employees, agents, representatives, or contractors working on behalf of the U.S. Department of Education.

6. "Secretary" shall refer to defendant Secretary Linda McMahon and any employees, agents, representatives, or contractors working on behalf of defendant Secretary Linda McMahon.

7. The terms "and" and "or" as used herein shall, unless the context does not permit, be construed to mean "and/or."

8. The term "any" as used herein, shall, unless the context does not permit, be construed to mean "any and all."

9. The terms "include" or "including" shall mean "include without limitation" and "including without limitation."

10. "Employee(s)" means individuals who were in the past or are presently employed by the Department.

8

11.     The term "RIF" shall mean the reduction-in-force announced by the Department on March 11, 2025 and as described in paragraph one of the Complaint in *State of New York. et al. v. Linda McMahon, et al*, 1:25-cv-10601 (doc. no. 1).

12.     The term "March 2025 Executive Order" shall mean the Executive Order issued by President Trump on March 20, 2025 entitled "Improving Education Outcomes by Empowering Parents, States, and Communities."

13.     The term "OIE-DOI IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of the Interior Relating to the Office of Indian Education, included as EDNY_00156 – EDNY_00166 in the administrative record.

14.     The term "OESE-DOL IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Labor relating to the Office of Elementary and Secondary Education, included as EDNY_00167-EDNY_00178 in the administrative record.

15.     The term "OCTAE-DOL IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Labor relating to the Office of Career, Technical, and Adult Education, included as EDNY_00179 – EDNY_00186 in the administrative record.

16.     The term "OPE-DOL IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Labor relating to Higher Education Programs, included as EDNY_00187 – EDNY_00199 in the administrative record.

17.     The term "CCAMPIS IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Health and Human Services, Administration for Children and Families relating to the CCAMPIS Program, included as EDNY_00200 – EDNY_00206 in the administrative record.

18. The term "NCFMEA IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Health and Human Services Relating to the National Committee on Foreign Medical Education and Accreditation (NCFMEA).

19. The term "IFLE IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of State relating to International and Foreign Language Education (IFLE).

20. The term "Section 117 IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of State relating to Section 117 of the Higher Education Act of 1965.

21. The term "FESSP IAA" shall mean the Interagency Agreement between the Department and the U.S. Department of Health and Human Services relating to School Emergency Response to Violence (Project SERV), School Safety National Activities, Ready to Learn Programming, Full-Service Community Schools, Promise Neighborhoods, and Statewide Family Engagement Centers programs.

22. The term "FSA-DOT IAA" shall mean the Interagency Agreement between the Department and the U.S. Treasury Department relating to certain Federal Student Aid functions.

23. The "IAAs" refer to the OIE-DOI IAA, the OESE-DOL IAA, the OCTAE-DOL IAA, the OPE-DOL IAA, the CCAMPIS IAA, the NCFMEA IAA, the IFLE IAA, the Section 117 IAA, the FESSP IAA, the FSA-DOT IAA, and any other Interagency Agreement executed by the Department and any other federal body on or after January 20, 2025.

10

**TOPICS**

In accordance with Fed. R. Civ. P. 30(b)(6), Plaintiffs designate the matters identified below for examination. The deponent(s) should have knowledge about the following information:

1. The IAAs.

2. The factors that the Department considered when determining whether to enter into the IAAs, including but not limited to the following factors, to the extent those factors were considered:

> (a) The impact of the IAAs on students, schools, parents, teachers and other school professionals, unions, States, local education agencies, and other individuals or organizations that rely on the Department's services and ability to perform statutorily mandated and authorized work;
>
> (b) The Department's ability to meet its statutory obligations following execution of each of the IAAs;
>
> (c) Any impact on the Department or other agency's ability to expend appropriated funds; and
>
> (d) Executive Orders, directives, or other public statements by President Trump or the Secretary concerning the closure, reorganization, or transfer of any of the Department's offices or functions.

3. Any analysis done when deciding whether or not to enter into the IAAs, including: (i) which statutory functions historically performed by the Department would be subject to one or more IAA and be transferred to another federal agency and (ii) which functions would be retained by the Department, including, but not limited to:

11

(a) Any criteria used to select programs, offices, and functions that would be subject to one or more of the IAAs;

(b) Any analysis done to determine whether the Department could meet its statutory obligations and expend appropriated funds, including, but not limited to, any evaluation of the statutory tasks currently performed by the Department and how those tasks would be performed after execution of the IAAs;

(c) Any analysis done to determine whether the IAAs would result in the consolidation of duplicative or unnecessary functions within the Department and how those determinations or analyses were made; and

(d) Any analysis of agency efficiency.

4.      Any executed Interagency Agreements between the Department and any other agency or body that would result in an entity other than the Department performing tasks or functions historically conducted by the Department, other than the OIE-DOI IAA, the OESE-DOL IAA, the OCTAE-DOL IAA, the OPE-DOL IAA, the CCAMPIS IAA, the NCFMEA IAA, the IFLE IAA, the Section 117 IAA, the FESSP IAA, and the FSA-DOT IAA, including but not limited to:

(a) Plans to transfer work from the Office of Special Education and Rehabilitation Services to the U.S. Department of Health and Human Services;

(b) Plans to transfer work from the Office for Civil Rights to the U.S. Department of Justice; and

(c) Any other such plans.

12

5.      Any analysis done to determine whether to form Interagency Agreements between the Department and any other agency or body that would result in an entity other than the Department performing tasks or functions historically conducted by the Department.

6.      The contents of the Supplemental Administrative Record.

7.      Any alternatives to the IAAs that the Department considered.

8.      Communications between the Department and the Department of Labor relating to the OESE-DOL IAA, the OPE-DOL IAA, and the OCTAE-DOL IAA.

9.      Communications between the Department and the Department of Health and Human Services relating to the CCAMPIS IAA, the NCFMEA IAA, the FESSP IAA, and any other IAA entered into between the Department and the Department of Health and Human Services.

10.     Communications between the Department and the Department of State relating to the IFLE IAA and the Section 117 IAA.

11.     Communications between the Department and the Department of the Interior relating to the OIE-DOI IAA.

12.     Communications between the Department and the Treasury Department relating to the FSA-DOT IAA.

13.     The distribution of tasks and labor between the Department and its partner agencies pursuant to the IAAs, to the extent considered by the Department when deciding whether to enter into the IAAs.

14.     Any and all current or planned employee details of Departmental employees to other federal agencies as part of the Department's efforts to comply with the IAAs, to the extent considered by the Department when deciding whether to enter into the IAAs.