**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **STATE OF NEW YORK, *et al.* ,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**LINDA McMAHON, in her official capacity as Secretary of Education, *et al.*,**<br><br>*Defendants*. | No. 1:25-cv-10601-MJJ |
| **SOMERVILLE PUBLIC SCHOOLS, *et al.* ,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,**<br><br>*Defendants*. | No. 1: 25-cv-10677-MJJ |

## STIPULATED PROTECTIVE ORDER

Disclosure and discovery activity in this action are likely to involve the production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. With the agreement of the parties, the Court has determined that there is good cause for issuance of a protective order pursuant to the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. 552a(b)(11), and Federal Rule of

Civil Procedure 26(c), to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives, and assignees of certain information and items produced and received in discovery in the above-captioned action. **IT IS HEREBY ORDERED** as follows:

## I. DEFINITIONS

1. "Action" shall mean the above captioned case.
2. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.
3. "Confidential Information" shall mean information that, at the time of its production in discovery in this Action, or thereafter, is designated confidential by the Producing Party or any Party because of a good faith belief that the information is:
    a. Personal information, including personal identifying information ("PII"), covered by the Privacy Act, 5 U.S.C. § 552a, and other personal financial, medical, tax, employment, personnel, or private information relating to an individual that would properly be redacted from any court filing under Federal Rule of Civil Procedure 5.2;
    b. Non-public information that is protected from disclosure by statute or regulation, of the United States Government;
    c. Confidential business information, trade secrets, research, or other proprietary information (including but not limited to non-public information concerning research, development, testing, formulation or evaluation of current products or services, future products or services, strategic plans, production, marketing, shipment, non-public manufacturing information, license and settlement

agreements or negotiations, and non-public communications with the Government entities);

d. Material that contains information received in confidence from vendors, suppliers, and/or other third parties;

e. Material that the Producing Party believes in good faith that the disclosure would chill open and frank discussion among those who make agency decisions within the Government, including information previously identified as protected by the deliberative process privilege.

f. Material that the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

4. "Designating Party" shall mean any Producing Party or Party who, by following the procedures in this Protective Order, designates as "Confidential Information" any discovery that is produced in this Action.

5. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization of the Confidential Information would be considered a disclosure of the document itself for purposes of this Protective Order.

6. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

7. "Information" shall include individual documents and records (including associated metadata) whether on paper, film or other media, as discrete files stored electronically,

optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

8. "Non-Party" means a person or entity that is not a Party.
9. "Notice" shall include notice via email.
10. "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel of record (and their support staffs).
11. "Producing Party" shall mean a Party or Non-Party who produces discovery in this Action.
12. "Receiving Party" shall mean a Party or Non-Party who receives information that has been designated as Confidential Information in this Action.

## II. PURPOSE, SCOPE, AND LIMITATIONS OF PROTECTIVE ORDER

1. This Protective Order governs the disclosure, use, and handling of all Confidential Information during discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Confidential Information is produced by a Party or Non-Party, and regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.
2. This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.
3. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

4. This Protective Order shall not prejudice in any way any Party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action. A Party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

5. The protections conferred by this Protective Order do not cover any information (i) already in the public domain (except for information placed in the public domain by the Receiving Party) or (ii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

6. Except as expressly provided herein, this Protective Order does not govern the Parties' use of Confidential Information in open court at any hearing or trial.

7. Any Confidential Information referenced in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Confidential Information unless it relates to PII.

8. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

9. Nothing in this Protective Order shall restrict the right of any Party to designate as confidential a document produced by another Party.

10. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.
11. This Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other Parties to modify this Order, subject to the Court's approval.
12. This Order shall constitute an order of a Court of Competent Jurisdiction pursuant to 5 U.S.C. 552a(b)(12) authorizing disclosure of material otherwise subject to the Privacy Act.

## III. METHOD FOR DESIGNATING CONFIDENTIAL INFORMATION

1. A Producing Party shall designate Confidential Information prior to or at the time of production, except as otherwise provided by this Protective Order.
2. A Designating Party's designation of Confidential Information constitutes a representation that such information has been reviewed by counsel and that there is a good faith basis for such designation. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal authority.
3. The Designation of Confidential Information should be limited only to those Documents or reasonably segregable portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Section I.3 of this Protective Order.

4. Documents produced in discovery in this Action shall be designated, where appropriate, as containing Confidential Information. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "Confidential: Subject to Protective Order" on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "Confidential: Subject to Protective Order," and the Designating Party shall identify the specific portion or portions of the electronic information that contain Confidential Information. The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with "Confidential: Subject to Protective Order" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Material must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.
5. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "The following response is Confidential: Subject to Protective Order."
6. For depositions, designation of Confidential Information shall be made during the deposition on the record that should include reasons for the assertion (and the court reporter shall mark those pages of the transcript containing Confidential Information), or by letter from counsel within thirty (30) days of receipt of the official deposition

transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Confidential: Subject to Protective Order." If the deposition was filmed, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled "Confidential: Subject to Protective Order." Any Party may designate portions of any deposition taken in this Action as Confidential Information by following the foregoing procedure.

7. For any other Document or item produced in discovery in this Action not falling within Sections III.4–6 above, designation of Confidential Information shall be made by labeling the item or the item's container with "Confidential: Subject to Protective Order." If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

8. If promptly corrected (e.g., does not unnecessarily encumber the case development process or impose unnecessary expenses and burdens on the Receiving Party), an

inadvertent failure to designate Confidential Information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

9. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

## IV. CHALLENGING CONFIDENTIAL DESIGNATIONS

1. A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

3. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. The Designating Party must communicate its

decision(s) to the Challenging Party within seven (7) calendar days after the Parties meet and confer regarding the challenge.

4. If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties.

5. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in Section IV.3 above, or as otherwise agreed, the Challenging Party shall file with the Court its written notice of the challenged designations. Within seven (7) days, or the time frame established by the Court, the Designating Party shall file its response establishing the basis for each challenged designation, which the Court shall then rule on. The Designating Party bears the burden of justifying the confidentiality designation under Federal Rule of Civil Procedure 26(c).

6. Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as the Designating Party agrees that it shall no longer be treated as Confidential Information; (b) seven (7) days have elapsed since a ruling by the Court, without any subsequent appeal, that such information should not be treated as Confidential Information or (c) if there is an appeal of the Court's ruling, the appeal is resolved in such a way that such information should not be treated as Confidential Information.

## V. DISCLOSURE, USE, AND HANDLING OF CONFIDENTIAL INFORMATION

1. A Receiving Party may use Confidential Information, in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order. Defendants are authorized to produce Confidential Information in accordance with the terms of this Protective Order without obtaining prior consent of the individuals to whom

such information pertains provided that such information is reasonably related to this litigation.

2. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

3. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

   a. the named Parties to this action;

   b. counsel for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   c. current employees of the Parties who are assisting with respect to this Action;

   d. current employees of the Producing Party;

   e. any person with prior authorized access to the Confidential Information;

   f. external vendors necessary to assist counsel in this Action (such as ediscovery vendors);

   g. witnesses, potential witnesses, and deponents in this Action, including their counsel;

   h. court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

i. photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

j. expert witnesses and consultants retained by any Party in this Action, including their associates and staff;

k. other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party; and

l. this Court (including and any judicial officer (including supporting staff) to whom this Court may refer this matter for settlement or mediation purposes) and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

4. Disclosure to the persons referenced in Sections V.3.f.–k. above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A." An authorized representative for an e-discovery vendor may sign Exhibit A on behalf of the company. An authorized representative for a court reporting and videography vendor may sign on behalf of the company provided that, prior to the beginning of any deposition, the individuals involved in that deposition sign Exhibit A.

5. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

6. Unless the Confidential Information relates to PII, any Confidential Information may be filed with the Court without needing to file such information redacted, under seal, or in camera.

7. Confidential Information that relates to PII that is filed with the Court must be redacted, filed under seal, or in camera in accordance with the Court's Local Rules and procedures.

8. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) the Designating Party does not object to the production of the Confidential Information or (b) that that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

9. If the need arises for any party to disclose Confidential Information in a proceeding in open Court, it may do so only after giving reasonable notice to the producing party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

## VI. INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION

1. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties shall follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

2. If a Receiving Party learns that, by inadvertence or otherwise, it, or person to whom it has disclosed Confidential Information in accordance with this Protective Order, has

disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

a. promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

b. promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and

c. within five (5) calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

## VII. DISPOSITION OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

1. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion, and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated

reasonable preference, except materials that exist on back-up tapes or similar systems. In the course of disposing of information in its possession under this paragraph, the Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to the Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

2. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

3. For material that contains Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

4. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use,

and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

5. In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential material in their case file for this case, subject to 44 U.S.C. § 3101, et seq., and 5 U.S.C. § 552, et seq.
6. The Clerk of the Court may return to counsel for the Producing Party or destroy and Confidential Information at the end of litigation.

**SO ORDERED.**

____________________ Date

____________________
Myong J. Joun
United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **STATE OF NEW YORK, *et al.* ,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**LINDA McMAHON, in her official capacity as Secretary of Education, *et al.*,**<br><br>*Defendants*. | No. 1:25-cv-10601-MJJ |
| **SOMERVILLE PUBLIC SCHOOLS, *et al.* ,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,**<br><br>*Defendants*. | No. 1: 25-cv-10677-MJJ |

CERTIFICATION

1. My name is________________________________________________

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of ______________ by ____________________________________

(Print Name)

Signed______________________________